UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TODD KREISLER,

    Plaintiff,

vs.

MCDONALD'S CORPORATION,
a Foreign corporation, and
CHRISNICK FOODS CORP.,
a New York corporation, and
MARC DILORENZO, TRUSTEE,

    Defendants.

Civil Action No.: 09 Civ. 9358 (DAB)
ECF CASE

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TODD KREISLER (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this amended Complaint and sues MCDONALD'S CORPORATION, a Foreign corporation, d/b/a MCDONALDS, CHRISNICK FOODS CORP., a New York corporation, d/b/a MCDONALDS, and MARC DILORENZO, TRUSTEE (hereinafter collectively the "Defendants"), for injunctive relief, attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York City Human Rights Law and the New York State Executive Law and allege:

**JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et. seq., (hereinafter referred to as the "ADA"), the Administrative Code of the City of New York § 8-107 et. seq., (hereinafter referred to as the "New York City Human Rights Law"), and the New York State Executive Law § 296 et.

1

seq., (hereinafter referred to as the "New York State Human Rights Law"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The New York City and New York State claims are properly before this Court under the Court's supplemental jurisdiction. 28 U.S.C. § 1367.

2. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that all events giving rise to this lawsuit occurred in New York County, New York.

3. At the time of the Plaintiff's visit to MCDONALDS, prior to instituting the instant action, TODD KREISLER (hereinafter referred to as "KREISLER") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, and used a wheelchair for mobility. Prior to filing this lawsuit, the Plaintiff personally visited MCDONALDS, but was denied full and equal access to, and full and equal enjoyment of, the facilities within MCDONALDS restaurant, which is the subject of this lawsuit.

4. One of the Defendants, MCDONALD'S CORPORATION, is a Foreign corporation, and one of the Defendants, CHRISNICK FOODS CORP., is a New York corporation, which are both authorized to conduct, and which are conducting, business within the State of New York. Upon information and belief, MCDONALD'S CORPORATION is the lessee and/or operator of the Subject Facility, and owner of improvements on the real property where the Subject Facility is located which are the subjects of this action, the restaurant commonly referred to as MCDONALDS located at 966 3rd Avenue, New York, New York, which also maintains and/or controls the Subject Facility. Upon information and belief, CHRISNICK FOODS CORP. is the sub-lessee and/or operator of the Subject Facility, and owner of improvements on the real property where the Subject Facility is located which are the subjects of this action, the restaurant

commonly referred to as MCDONALDS located at 966 3rd Avenue, New York, New York (hereinafter referred to as "MCDONALDS") which also maintains and/or controls the Subject Facility. Upon information and belief, MARC DILORENZO, TRUSTEE is the owner and lessor of the real property where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as MCDONALDS located at 966 3rd Avenue, New York, New York (hereinafter the "Subject Facility") which also maintains and controls the subject real property.

5. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is located in New York County in the Southern District.

### COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 20 C.F.R. § 36.508(a).

7. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, MCDONALDS is a place of public accommodation in that it is a restaurant which provides food, beverages and services to the public.

8. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

9. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1992.

10. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at MCDONALDS in derogation of 42 U.S.C. § 12101 et. seq. and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

11. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all of the accommodations and services offered at MCDONALDS. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all of the benefits, accommodations and services of the Defendants, MCDONALD'S CORPORATION and CHRISNICK FOODS CORP.'s restaurant. Prior to the filing of this lawsuit, KREISLER personally visited MCDONALDS with the intention of using MCDONALDS' facilities, but was denied full and safe access to the facilities within MCDONALDS and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit MCDONALDS in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at MCDONALDS in violation of the ADA.

12. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

13. The Defendants' Subject Facility is in violation of 42 U.S.C. § 12181 et. seq., the ADA and 28 C.F.R. § 36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

    (i) Failure to provide an accessible entrance due to two steps and the failure to install a ramp with appropriate slope, and/or otherwise provide an accessible entrance.

    (ii) Failure to provide an entrance door that does not require more force to open than is permitted.

    (iii) Failure to provide adequate directional and accurate informational signage.

    (iv) Failure to provide an accessible automatic teller machine with controls located within a permissible reach range.

    (v) Failure to provide a safe and accessible means of egress for emergencies.

14. Upon information and belief, there are other current violations of the ADA at MCDONALDS and only once a full inspection is done can all said violations be identified.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 26, 1992. To date, the Defendants have failed to comply with this mandate.

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

17. The New York City Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of ... disability ...

NYC Admin. Code § 8-107(4)(a).

18. Defendants' MCDONALD'S CORPORATION, CHRISNICK FOODS CORP., and MARC DILORENZO, TRUSTEE are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

19. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 16 as if set forth in their entirety here.

### COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

20. The New York State Human Rights Law provides:

(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation.... because of the ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of ... disability ...

NYS Exec. Law § 296 (2)(a).

21. Defendants' MCDONALD'S CORPORATION, CHRISNICK FOODS CORP., and MARC DILORENZO, TRUSTEE are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

22. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 19 as if

set forth in their entirety here.

## ATTORNEYS' FEES AND COSTS

23. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

## DAMAGES

24. The Plaintiff demands ONE-THOUSAND DOLLARS ($1,000.00) in compensatory damages based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law.

## INJUNCTIVE RELIEF

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants is violative of the ADA, the New York State Human Rights Law and the New York City Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter its facilities to make them

      accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA; and requiring the Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

C.     The Court award reasonable attorneys' fees, costs, and litigation expenses, and such other and further relief of suit, to the Plaintiff;

D.     The Court award compensatory damages to the Plaintiff based on the Defendants' violation of the New York City Human Rights Law and the New York State Human Rights Law;

E.     The Court award such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 28th day of June, 2010.

Respectfully submitted,

_____
Adam T. Shore, Esq. (AS4825)
Law Office of Adam Shore
Attorney for Plaintiff
50 Main Street, 10th Floor
White Plains, New York 10606
Telephone:   (914) 682-2793
Facsimile:   (914) 206-7771
Email:       atsesq@gmail.com

&

s/ B. Bradley Weitz, Esq.
B. Bradley Weitz, Esq. (BW9365)
The Weitz Law Firm, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: bbw@weitzfirm.com